FILED
IN CLERK'S OFFICE

2026 JUN 22 PM 12: 19

U.S. ...
DIST...

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**JOSEPH ANTHONY REYNA,**
individually and d/b/a JOECAT®,

    Plaintiff,

v.

**SUNO, INC.,**
    Defendant.

Civil Action No. _____

**COMPLAINT AND
JURY DEMAND**

## NATURE OF THE ACTION

1. Plaintiff Joseph Anthony Reyna, individually and doing business as JOECAT®, brings this action against Defendant Suno, Inc. for breach of contract, deceptive commercial practices, unjust enrichment, conversion, trademark infringement, and removal of copyright management information arising from Suno's operation of an AI music-generation platform.

2. Plaintiff is the registered owner of the federal trademark JOECAT® (USPTO Reg. No. 6,057,783, registered May 19, 2020, International Class 41, first use in commerce March 3, 2011). Plaintiff is also the Executive Director of Dreams Over Dollars Foundation, a 501(c)(3) public-interest nonprofit (EIN 88-2187078), referenced herein for context only. Plaintiff sues in his individual capacity.

3. Suno admitted in its August 2024 Answer in *UMG Recordings, Inc. v. Suno, Inc.*, No. 1:24-cv-11611 (D. Mass.), that it trained its AI models on copyrighted music. The RIAA characterized this as a major concession. This admission is publicly available at techcrunch.com/2024/08/01/ai-music-startup-suno-response-riaa-lawsuit/.

1

4. In January 2026, Suno CEO Mikey Shulman stated on the 20VC podcast that training on copyrighted music is "stock standard" for AI companies. In March 2026, Shulman retracted his statement that most people do not enjoy making music but did not retract the training-data admission. Publicly available at aimusicpreneur.com/ai-music-news/suno-ceo-apology-copyrighted-training-data/.

5. Suno generates approximately seven million songs per day. AI songs built on Suno have reached No. 1 on the Billboard Country Digital Song Sales chart and secured multi-million-dollar record deals. Publicly available at billboard.com.

6. Despite a $2.45 billion valuation, Suno sells "ownership" and "commercial rights" while disclaiming any guarantee that copyright will vest in outputs—selling a deed while disclaiming ownership of the land.

7. Plaintiff sent three notices over 174 days. Suno acknowledged the second within 46 seconds, promised specialist follow-up, and has been completely silent for 94 days. This Complaint is filed June 13, 2026 after full exhaustion of the 60-day pre-suit notice period.

## PARTIES

8. **Plaintiff** is a natural person and citizen of Texas residing at 5900 Balcones Drive, Suite 16077, Austin, Texas 78731. Plaintiff is a recording artist with documented market presence: approximately 44,000 lifetime Shazam identifications; 7,870 peak monthly Spotify listeners; approximately 1.2 million Pandora plays (2012–2014); and ISRC USX9P1454799. Plaintiff's annual mechanical royalties were approximately $18.16 against 41,800+ Shazam events—a disparity central to Plaintiff's claims.

9. **Defendant Suno, Inc.** is a Delaware corporation with its principal place of business at 17 Dunster Street, Floor 4, Cambridge, Massachusetts 02138. Suno raised $250 million at a $2.45 billion valuation in November 2025 and acquired Songkick from Warner Music Group as part of a settlement. Publicly available at forbes.com/sites/conormurray/2025/11/25/warner-music-settles-lawsuit-with-suno/.

## JURISDICTION AND VENUE

10. Federal question jurisdiction: 28 U.S.C. §1331. Claims arise under the Lanham Act (15 U.S.C. §1125(a)), the DMCA (17 U.S.C. §1202(b)), and the Declaratory Judgment Act (28 U.S.C. §2201).

11. Supplemental jurisdiction: 28 U.S.C. §1367. State claims under Mass. G.L. c. 93A, breach of contract, breach of implied covenant, unjust enrichment, and conversion.

12. Diversity jurisdiction: 28 U.S.C. §1332(a). Texas v. Delaware/Massachusetts. Amount exceeds $75,000.

13. Venue: 28 U.S.C. §1391(b)(1). Defendant resides in this District. *UMG v. Suno*, No. 1:24-cv-11611, is pending here.

3

## THE ARBITRATION CLAUSE IS UNENFORCEABLE AND WAIVED

14. **Waiver by Non-Performance.** Suno's Terms of Service require a 60-day informal resolution process before arbitration. Suno acknowledged Plaintiff's dispute notice on March 11, 2026, promised specialist follow-up, and went silent for 94 days. A party that refuses to perform the contractual condition precedent to arbitration has waived the right to compel it.

15. **Unconscionability.** The arbitration clause is a take-it-or-leave-it adhesion contract. Under *Kauders v. Uber Technologies*, 486 Mass. 557 (2021), a contract modification that retroactively revokes rights without reasonable, conspicuous notice or an unambiguous manifestation of assent is unenforceable. Suno's March 26, 2026 ToS pivot—retroactively eliminating free-tier commercial rights, introducing perpetual voice-model licenses, and disclaiming copyright—fails both tests.

16. **Delegation Clause.** To the extent the ToS contains a delegation clause under *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010), Plaintiff specifically challenges the delegation clause as independently unconscionable and waived. It was never separately negotiated, and Suno's failure to perform the 60-day condition precedent waives it.

17. **Federal Statutory Claims.** Plaintiff's Lanham Act and DMCA claims carry non-waivable rights to a judicial forum. *CompuCredit Corp. v. Greenwood*, 565 U.S. 95 (2012).

## THE 60-DAY PRE-SUIT NOTICE

18. Suno's ToS requires written notice to 17 Dunster Street, Floor 4, Cambridge, MA 02138. If not resolved within 60 calendar days after receipt, suit may follow. (Ex. F)

4

19. Plaintiff exhausted this requirement through three documented contacts:

| Date | Method | Content | Response | |
|---|---|---|---|---|
| Dec. 8, 2025 | Email CC | Amicus service (Ex. E) | Auto-reply only | |
| Mar. 11, 2026 | Email (Ex. D) | Demand + 8 Qs (Ex. B) | Ack'd 46 sec (Ex. C). No follow-up. | |
| Apr. 7/13, 2026 | Cert. Mail (Ex. B-1) | Same demand | Delivered 10:43 AM. Zero response. | |

20. The 60-day period is satisfied: email acknowledged March 11, 2026 (94 days before filing); certified mail delivered April 13, 2026 (61 days before filing). USPS tracking 9589 0710 5270 1991 2858 48 confirms delivery at Cambridge, MA 02138 at 10:43 AM. (Ex. B-1)

21. Suno's silence constitutes both failure of informal resolution and waiver of the arbitration process.

## FACTUAL BACKGROUND

### A. Plaintiff's Use of Suno

22. Plaintiff is a registered Suno user (whitehat@joecattt.com; iDreamMusicLabel@gmail.com). Plaintiff uploaded original music, stems, voice files, prompts, lyrics, and metadata.

23. Plaintiff's March 11 demand asked Suno to confirm whether it acted on content referencing JOECAT®. No answer.

### B. Training Admission

24. In its August 2024 Answer, Suno admitted training on copyrighted recordings. The RIAA called it a major concession. CEO Shulman's January 2026 podcast statement that this is "stock standard" was not retracted.

25. Billboard reported Suno used pirated YouTube content via rolling-cipher bypass. Publicly available at billboard.com/pro/suno-lawsuit-ai-company-pirated-youtube-songs-record-labels/.

26. Poseidon Wave Media reported an approximately 80 percent reduction in licensing revenue attributed to Suno. Publicly available at musicbusinessworldwide.com.

### C. Warner Settlement and Grainge Conflict

27. UMG, Sony, and Warner jointly sued Suno in June 2024. Warner settled alone on November 25, 2025. UMG and Sony remain in litigation. As of April 9, 2026, settlement talks reached a hard impasse.

28. Sir Lucian Grainge is CEO of UMG (lead plaintiff). His son Elliot Grainge is CEO of Atlantic Music Group under Warner (which settled). Warner acquired 51 percent of

6

Elliot's label 10K Projects for $102 million. Elliot was promoted October 1, 2024—four months after the joint suit. Publicly available at billboard.com/lists/elliot-grainge-career-timeline-college-10k-atlantic-ceo/.

## D. The ToS Pivot

29. On March 26, 2026—15 days after acknowledging Plaintiff's demand—Suno updated its ToS: free downloads eliminated; paid caps introduced; free commercial rights retroactively revoked; Voice Model licenses made perpetual, irrevocable, sublicensable, assignable; copyright disclaimed. (Ex. F)

30. Suno tells paid users "you own it" while disclaiming copyright in the same Terms. This is a bait-and-switch: Suno induces payment with the promise of ownership, then disclaims the legal substance of what was purchased.

## E. Market Harm

31. The U.S. Copyright Office's May 2025 report concluded fair use does not excuse training on expressive works when outputs substitute for originals. Publicly available at copyright.gov.

7

## CAUSES OF ACTION

## COUNT I: BREACH OF CONTRACT

32. Plaintiff re-alleges all preceding paragraphs.

33. Suno's ToS creates a contract. Plaintiff sent a preservation demand constituting a notice of dispute. Suno acknowledged receipt, promised specialist review, and has been silent for 94 days, breaching its obligation to participate in good-faith informal resolution.

## COUNT II: BREACH OF IMPLIED COVENANT OF GOOD FAITH

34. Plaintiff re-alleges all preceding paragraphs.

35. Under Massachusetts law, every contract contains an implied covenant. *Fortune v. National Cash Register Co.*, 373 Mass. 96 (1977). Suno breached by acknowledging the demand then going silent; restructuring ToS during the notice window; paywalling downloads; and selling "ownership" while disclaiming copyright.

## COUNT III: MASS. G.L. c. 93A (CONSUMER PROTECTION)

36. Plaintiff re-alleges all preceding paragraphs.

37. Suno's conduct is a commercial bait-and-switch that provides the extra element required to defeat preemption under 17 U.S.C. § 301: marketing ownership to induce subscriptions while disclaiming copyright; training on copyrighted works without disclosure; retaining perpetual voice rights; and retroactively revoking free-tier commercial rights in violation of *Kauders v. Uber*, 486 Mass. 557 (2021). Plaintiff's demand satisfies § 9 pre-suit notice. Treble damages apply.

## COUNT IV: UNJUST ENRICHMENT

38. Plaintiff re-alleges all preceding paragraphs.

39. Suno was enriched by Plaintiff's uploads (audio, stems, prompts, voice, metadata) to build a $2.45 billion platform without adequate compensation. Under *Massachusetts Eye and Ear Infirmary v. QLT, Inc.*, 412 F.3d 215 (1st Cir. 2005), equity requires disgorgement of profits inequitably derived from proprietary contributions, even absent a dollar-for-dollar market loss.

## COUNT V: CONVERSION

40. Plaintiff re-alleges all preceding paragraphs.

41. Suno exercised dominion over Plaintiff's uploads for purposes beyond authorization, including potential model training and derivative output generation, and has refused to confirm or deny these uses.

## COUNT VI: LANHAM ACT § 43(a) (15 U.S.C. § 1125(a))

42. Plaintiff re-alleges all preceding paragraphs.

43. JOECAT® (Reg. 6,057,783) covers musical recordings and entertainment. To the extent Suno surfaced, processed, or generated outputs referencing JOECAT® without authorization, Suno used Plaintiff's mark in a manner likely to cause confusion as to source or sponsorship.

## COUNT VII: DMCA § 1202(b)

44. Plaintiff re-alleges all preceding paragraphs.

45. Plaintiff's works contain copyright management information (artist name, ISRC codes, metadata). To the extent Suno ingested these works, Suno removed or altered CMI and distributed works with CMI removed, knowing removal would facilitate

9

infringement. No copyright registration is required for this claim.

## COUNT VIII: DECLARATORY JUDGMENT (28 U.S.C. § 2201)

46. Plaintiff re-alleges all preceding paragraphs.

47. An actual controversy exists regarding: (a) whether Plaintiff's content was used for training; (b) whether outputs are infringing derivatives; (c) whether ownership representations are deceptive; and (d) whether the arbitration and delegation clauses are enforceable.

10

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant:

A. Compensatory damages to be determined at trial;

B. Treble damages under G.L. c. 93A;

C. Statutory damages under the Lanham Act and DMCA § 1202;

D. Disgorgement under *Mass. Eye and Ear v. QLT*;

E. Declaratory judgment that the arbitration and delegation clauses are unenforceable and waived, that ownership representations are deceptive, and that outputs from Plaintiff's works are infringing;

F. Injunctive relief requiring preservation, production, and cessation of JOECAT® use;

G. An accounting of training data sources and AI output revenues;

H. Pre- and post-judgment interest;

I. Reasonable litigation costs; and

J. Such other relief as this Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## VERIFICATION

I, Joseph Anthony Reyna, declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: June 13, 2026

11

Respectfully submitted,

/s/ Joseph Anthony Reyna
**Joseph Anthony Reyna (JOECAT®)**
*Pro Se* Plaintiff
5900 Balcones Drive, Suite 16077
Austin, Texas 78731
Tel: 512-200-3069
whitehat@joecattt.com
USPTO Reg. 6,057,783 (JOECAT®)

*Plaintiff communicates exclusively in writing.*



## ACCOMMODATION NOTICE

Plaintiff is housing-displaced since 2023 with no stable internet. All communications by U.S. Mail to 5900 Balcones Drive, Suite 16077, Austin, TX 78731. Medical diagnosis: ADD (Attention Deficit Disorder). Plaintiff has filed a Combined Motion requesting written-only proceedings, extended notice, paper filing, and U.S. Marshal service under the ADA and 28 U.S.C. § 1915.

## CERTIFICATE OF SERVICE

I certify that on June 13, 2026, this Complaint, together with a Combined Motion (IFP, Marshal Service, ADA Accommodation), Proposed Order, Civil Cover Sheet (JS 44), and Local Category Sheet were filed with the Clerk of Court for the District of Massachusetts by U.S. Mail. Service upon Defendant will be effected by the United States Marshal upon the Court's granting of the IFP application.

Suno, Inc., 17 Dunster Street, Floor 4, Cambridge, MA 02138

/s/ Joseph Anthony Reyna
**Joseph Anthony Reyna (JOECAT®),** *Pro Se*
5900 Balcones Drive, Suite 16077, Austin, TX 78731
Tel: 512-200-3069 | whitehat@joecattt.com
USPTO Reg. 6,057,783 (JOECAT®)
*All communications in writing only.*

